IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ARCHULETA,

    Plaintiff,

v.                                              No. 1:19-cv-00672-MV-JFR

JAMES A. CHAVEZ,
HAROLD TITENBURG,
FRANK DE ANDA, and
FRANK SEDILLO,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 22, 2019 ("Application"). For the reasons stated below, the Court **GRANTS** the Application, **DISMISSES** this case **without prejudice**, and **ORDERS** Plaintiff to show cause why the Court should not impose filing restrictions.

### I.    Application to Proceed *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement setting forth all assets that the person possesses and stating that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating that he is unable to pay the costs of these proceedings and providing the following information: (i) Plaintiff's monthly income is $1,259.00 in Social Security; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $1,110.00; and (iv) Plaintiff has no cash and no money in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly income only slightly exceeds his monthly expenses, he is unemployed, and he has no cash and no money in bank accounts.

**II.    Dismissal of Proceedings *In Forma Pauperis***

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff's Complaint, which is difficult to understand, appears to assert a breach of contract claim regarding Plaintiff's rental of a property stating:

> I contracted w/ [Defendant] Titenburg for $300.00 per month. He then Acted as he sold the property/business and itemised water sewer and garbage without agreement or contract and has (publicated) without consent in a co-conspiracy with [Defendant] Chavez and [Defendant] de Anda as legal enforcement resulting in wilful treason terror conspiracy fraud and rackateering.

[sic] Complaint at 2. There are no other factual allegations regarding Defendants. The attachments to the Complaint indicate that: (i) Defendant de Anda delivered a notice of non-payment of rent to

2

Plaintiff; (ii) Plaintiff's landlord filed a petition in Bernalillo County Metropolitan Court to terminate Plaintiff's tenancy; (iii) Defendant Sedillo is the judge presiding over the action in Bernalillo County Metropolitan Court; and (iv) Defendant Chavez is the attorney for the landlord. *See* Complaint at 7, 9-10.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because Defendants Chavez, Titenburg, and de Anda are not state actors, Defendant Sedillo is immune from suit, and Plaintiff has not alleged the violation of a right secured by the Constitution or laws of the United States. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"); *Hogan v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)) ("Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States'"); *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) ("[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction.").

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states: "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court dismisses Plaintiff's civil rights claims for failure to state a claim.

3

The Court, having dismissed the federal law claims and noting that there is no diversity jurisdiction, declines to exercise supplemental jurisdiction over the "libel slander breach of contract and trust" claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .the district court has dismissed all claims over which it has original jurisdiction").

### III.   Court's Power to Impose Filing Restrictions

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt,* 732 F.3d 1171, 1174 (10th Cir. 2013).

### IV.   Litigant's Abusive History

Plaintiff has initiated five civil cases in the District of New Mexico, each of which were largely unintelligible and were dismissed. *See Archuleta-Allodial v. Chavez,* No. 1:19-cv-00085-MV-SCY (dismissed for failure to state a claim); *Archuleta-Allodial v. New Mexico,* No. 1:19-cv-00084-WJ-JFR (dismissed for lack of subject-matter jurisdiction); *Archuleta v. Sanchez,* No. 1:17-

4

cv-00530-JB-LF (dismissed for lack of subject-matter jurisdiction); *Archuleta v. Martinez*, No. 1:17-cv-00353-MV-SCY (dismissed for lack of subject-matter jurisdiction). The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future similar cases.

V.     **Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

5

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

## VI. Opportunity to Be Heard

Plaintiff is ordered to show cause within fourteen (14) days after entry of this Order why this Court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days after entry of this Order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 22, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

(iii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days after entry of this Order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE